IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  MELANIE LOUISE WEST | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| - Creditor | ) | No. 12-50012 |
| Bank of America, N.A. | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | Donald R. Cassling |
| MELANIE LOUISE WEST          - Debtor | ) | |
| | ) | |

NOTICE OF MOTION

TO:  SEE ATTACHED ADDRESSES

    PLEASE TAKE NOTICE THAT ON April 25, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling, U.S. Bankruptcy Judge, Kane County Courthouse, in Room 240, 100 South 3rd Street, Geneva Illinois and shall then and there present the attached Motion and at which you may appear if you so desire.

CERTIFICATION

    I, the undersigned Attorney, Certify that I served a copy of this Notice to the Addresses attached by electronic notice through ECF or by depositing the same at the U.S. Mail at 1 North Dearborn, Chicago, Illinois 60602 at 5:00 P.M. on April 17, 2014, with proper postage prepaid.

                                                       PIERCE & ASSOCIATES, P.C.

                                                       /s/Christopher M. Brown

| | |
|---|---|
| **THIS DOCUMENT IS AN ATTEMPT | ARDC#6271138 |
| TO COLLECT A DEBT AND ANY | 1 North Dearborn, Suite 1300 |
| INFORMATION OBTAINED WILL BE | Chicago, Illinois 60602 |
| USED FOR THAT PURPOSE** | 312-346-9088 |

12-6568

<u>NOTICE OF MOTION ADDRESSES</u>

To Trustee:
Glenn B. Stearns
801 Warrenville Rd
Suite 650
Lisle, Illinois 60532
**by Electronic Notice through ECF**

To Debtor:
MELANIE LOUISE WEST
3348 Cameron Drive
Elgin, IL 60124
**by U.S. Mail**

To Attorney:
Ryan Keenan
Keenan Law Offices, P.C.
10 West State Street, Suite 108
Geneva, IL 601347
**by Electronic Notice through ECF**

PIERCE & ASSOCIATES, P.C.
Attorneys For:
1 North Dearborn
Suite 1300
Chicago, Illinois 60602
(312) 346-9088

PA12-6568

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re:<br><br>***MELANIE LOUISE WEST***<br>　　　　Debtor | Chapter 13<br><br>Case No 12-50012<br><br>Judge Donald R. Cassling<br><br>Hearing: April 25, 2014 |
|---|---|

**MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 3348 Cameron Drive, Elgin, IL 60124 (the "Property"). The Required Statement is attached hereto, in accordance with Local Rule 4001-1. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on December 21, 2012.

2. A Chapter 13 Plan was confirmed on February 7, 2013.

3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $176,642.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property and the other collateral described in the

Mortgage.  A copy of the Mortgage is attached hereto as Exhibit B.

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit C.

6. Bank of America, N.A. services the loan on the Property referenced in this Motion.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note.  The Note is either made payable to Movant or has been duly endorsed.

7. As of April 4, 2014 the outstanding amount of the Obligations is:  $195,339.95.

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $650.00 in legal fees and $176.00 in costs.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The Debtor plan calls for the Debtor to make postpetition mortgage payments to the Movant.

10. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Deliquent Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 5 | 8/1/2013 | 12/1/2013 | $1,396.12 | $6,980.60 |
| 4 | 1/1/2014 | 4/1/2014 | $1,388.76 | $5,555.04 |
| **Less post-petition partial payments:** | | | | ($1,381.40) |

**TOTAL:** $11,154.24

11. The estimated market value of the Property is $150,000.00. The basis for such valuation is Schedule A.

12. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $195,339.95.

13. Cause exists for relief from the automatic stay for the following reasons:

    (a) Movant's interest in the Property is not adequately protected.

    (b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (c) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

April 17, 2014

/s/Christopher M. Brown
Christopher M. Brown
ARDC#6271138

Pierce and Associates, P.C.
One North Dearborn
Suite #1300
Chicago, Illinois 60602
(312)346-9088